Honorable Jon S. Fitch State Senator Route 1 Hindsville, Arkansas 72738
Dear Senator Fitch:
This letter is in response to your opinion request wherein you posed the following questions:
 1. Is it proper for a member of a city council to vote on issues or ordinances of which the outcome would directly impact his employer?
 2. Is it proper for a member of a city council to vote on issues or ordinances of which the outcome would directly impact a business, either for profit or non-profit, that the city council member is on the board of directors or council member's spouse is a member of the board of directors?
Although the propriety of the conduct posed in each of your questions is questionable, the conduct itself does not appear to be statutorily prohibited. The "Code of Ethics" for Officers and Public Employees," Ark. Stat. Ann. 12-3001 et seq. may require public disclosure of such interests but does not prohibit a member of a city council from voting on such ordinances. Probably the most relevant expression of legislative intent in this area is Ark. Stat. Ann. 19-909 (1985 Cumm. Supp.), which is applicable to members of city councils for cities of the first and second class and provides in pertinent part:
 No alderman or member of a city council shall be interested, directly or indirectly, in the profits of any contract for the furnishings of supplies, equipment or services to the municipality unless the governing body of the city shall have enacted an ordinance specifically permitting aldermen or members of the council to conduct business with the city and prescribing the extent of such authority. Provided, the prohibition prescribed herein shall not apply to contracts for the furnishing of supplies, equipment of (sic) services to be performed for a municipality by a corporation in which no alderman or member of the council holds any executive or managerial office, or by a corporation in which a controlling interest is held by stock holders who are not aldermen or members of the council.
The above statute will not bar such person from sitting as a member of the with council where;[:] (1) he or she has no interest in any contract with the city, or (2) if he or she does have an interest in a contract with the city, it falls within one of three wide ranging exceptions. Of course, 19-909 only addresses the legality of a person sitting as a member of the city council where the city has a contract in which he or she may have a personal interest. There is no state law which expressly prohibits a member of a city council from voting on ordinances which may affect his or her personal financial interests. Although in such situations abstention from voting might be appropriate to avoid the appearance of impropriety, it is not statutorily required.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David S. Mitchell.